1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

REBEKAH JELSING, et al.,

                              Plaintiff,

        v.

MIT LENDING, et al.,

                              Defendant.

Case No. 10cv416 BTM (NLS)

**ORDER RE MOTIONS TO DISMISS**

Several Defendants have moved to dismiss the Complaint. Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank National Trust Company, as trustee, have filed a motion to dismiss [Doc. 8]. And MIT Lending, Inc. and MortgageIT, Inc. have filed a motion to strike and a motion to dismiss [Docs. 25, 26].

The Court **GRANTS** Wells Fargo, MERS, and Deutsche Bank's motion to dismiss [Doc. 8], and **GRANTS** MIT Lending and MortgageIT's motion to dismiss [Doc. 26]. The Court **DENIES as moot** their motion to strike [Doc. 25].

## I. BACKGROUND[1]

Plaintiffs Rebekah and Joshua Jelsing twice refinanced their property at 407 Swamis Lane, Encinitas, CA 92009. Their first loan, for $570,000.00, was secured by a deed of trust on their property. They executed the loan documents in June 2005. Their second loan, for

_____

[1] The following are merely allegations in the Complaint, not the Court's factual findings.

1  $140,500.00, was also secured by a deed of trust on their property.  They executed the loan

2  documents for the second loan in May 2006.

3      A notice of default and election to sell under deed of trust was recorded against the

4  property in November 2008.  And in February 2009, a notice of trustee's sale was recorded

5  against the property.  The Jelsings then transferred legal title to the property by grant deed

6  to Plaintiff KAP CA, LLC in November 2009.  The same month, a third-party buyer tendered

7  a short-sale offer to Defendant Wells Fargo, which serviced the first loan.  Wells Fargo

8  denied the offer.

9      Plaintiffs allege eight causes of action related to their two loans.  The Court discusses

10  the law and facts related to each claim below.

11

12                    **II.  LEGAL STANDARD**

13      Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth

14  a "short and plain statement of the claim showing that the pleader is entitled to relief," and

15  "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

16  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to

17  dismiss, the allegations of material fact in plaintiff's complaint are taken as true and

18  construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v.*

19  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  But only factual allegations must be

20  accepted as true—not legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

21  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements, do not suffice."  *Id.*  Although detailed factual allegations are not required, the

23  factual allegations "must be enough to raise a right to relief above the speculative level."

24  *Twombly*, 550 U.S. at 555.  Furthermore, "only a complaint that states a plausible claim for

25  relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1949.

26      In ruling on a motion to dismiss, a court may take judicial notice of matters of public

27  record that are not subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668,

28  689 (9th Cir. 2001).

## III.  DISCUSSION

**1.      Real Estate Settlement Procedures Act**

As an initial matter, Wells Fargo, MERS, and Deutsche Bank all argue that Plaintiffs' failure to tender the full amount of their outstanding obligation undermines all their claims. The Court disagrees.  As explained in a later section of this order, only some of Plaintiffs' claims require a tender; others do not.

Plaintiffs claim against Wells Fargo under the Real Estate Settlement Procedures Act ("RESPA"), for example, does not require a tender to be valid.  It does, however, fail for other reasons.

Plaintiffs make a claim under RESPA for failing to respond to a qualified written request ("QWR"), which is a request for information about a loan.  *See* 12 U.S.C. § 2605(e). Plaintiffs allege they sent Wells Fargo a QWR, but it never responded.  RESPA requires loan servicers to respond to QWR's.  *See id.*  Wells Fargo does not dispute that it failed to respond.  Instead, it argues that Plaintiffs have not pled they suffered damages because of Wells Fargo's failure, which is an essential element of their claim.  The Court agrees.

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages in order to state a claim."  *Molina v. Wash. Mut. Bank*, No. 09cv894, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) (listing cases).  Here, Plaintiffs only allege they "were harmed and were unable to evaluate the Loans or correct their account."  This conclusory allegation is not enough and fails to adequately plead damages.

Plaintiffs also seek statutory damages for the alleged RESPA violations.  But statutory damages are only available for a "pattern or practice of [RESPA] noncompliance."  *See* 12 U.S.C. § 2605(f)(1)(B).  Plaintiffs have not alleged a pattern or practice, and their RESPA claim is **DISMISSED without prejudice**.

//

//

//

1    **2.      California Civil Code § 2943**

2         Plaintiffs assert a state-law claim against Wells Fargo and PNC Mortgage LLC[2] for

3    their alleged failure to respond to a demand letter.  Wells Fargo argues that this claim should

4    be dismissed because federal law explicitly preempts it.

5         State laws that "obstruct, impair, or condition a national bank's ability to fully exercise

6    its Federally authorized real estate lending powers do not apply to national banks."  12

7    C.F.R. § 34.4(a).  Any state laws regulating national banks, including those regarding

8    disclosure and advertising, § 34.4(a)(9), or processing, participation in, or servicing of

9    mortgages, § 34.4(a)(10), are preempted by federal law.  § 34.4(a).  These preemption

10   regulations, which apply to national banks, are nearly identical to regulations that govern

11   national savings associations.  *See* 12 C.F.R. § 560.2(b).

12        Plaintiffs dispute that Wells Fargo is a national savings association, but they do not

13   dispute that Wells Fargo is a national bank.  In fact, Plaintiffs admit that Wells Fargo "is a

14   bank organized under the laws of the United States."  (Compl. ¶ 5.)  Whether Wells Fargo

15   is a national bank or a savings association, the preemption regulations apply equally.  *See*

16   12 C.F.R. §§ 34.4(a), 560.2(a).  Plaintiffs' state law claim rests on Wells Fargo's alleged

17   failure to respond to a demand letter.  Under California law, when a lender receives a letter

18   demand for "a copy of the note or other evidence of indebtedness," it must deliver a copy,

19   along with a beneficiary statement, within twenty-one days.  Cal. Civ. Code § 2943(b)(1).

20   This provision imposes a requirement related to disclosure, 12 C.F.R. § 560.2(b)(9), or the

21   processing or servicing of mortgages, § 560.2(b)(10).  It is therefore preempted.

22        Plaintiffs point to an exception in the regulations for a state law that "[f]urthers a vital

23   state interest" and "only has an incidental effect on lending operations or is not otherwise

24   contrary to the purposes" of the preemption regulation.  12 C.F.R. § 560.2(c)(6).  This

25   exception is inapplicable.  First, it is very unlikely that the state law regarding demand letters

26   furthers a *vital* state interest.   Second, this exception only applies to state laws not

27   specifically listed in § 560.2(b).  *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th

28

---

[2] Plaintiffs have since voluntarily dismissed PNC Mortgage LLC and PNC Bank, N.A.

Cir. 2008).  And since state laws related to disclosure and the servicing of mortgages are specifically listed in § 560.2(b), the exception does not apply.

Even assuming California Civil Code § 2943 was not preempted, Plaintiffs would still fail to state a claim.  That is because the demand letter must be sent either before, or within two months after, the recording of a notice of default, or more than thirty days before entry of the decree of foreclosure.  Cal. Civ. Code § 2943(b)(2).  Plaintiffs sent their first demand letter well after these deadlines.  For these reasons, Plaintiffs fail to state a claim under California Civil Code § 2943 against Wells Fargo.[3]

Because the claim is preempted, the Court **DISMISSES with prejudice** Plaintiffs' second cause of action under § 2943.

### 3.    Business and Professions Code § 17200 (Against Wells Fargo)

Plaintiffs assert a claim against Wells Fargo under section 17200 of the California Business and Professions Code.  Section 17200 "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994)).

Plaintiffs cite three other laws as predicate violations for § 17200.  Two are the alleged RESPA and California Civil Code § 2943 violations.  The Court has already held that Plaintiffs failed to state a claim under those laws.  So the only remaining alleged predicate violation is under California Civil Code § 2923.6.

Section 2923.6 says the "Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed

---

[3]  Wells Fargo also argues that this claim should be dismissed because Plaintiffs did not tender the amounts they owed.  But this is only a prerequisite to challenging a foreclosure sale, *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996), and in this claim Plaintiffs seek damages.

to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a pooling and servicing agreement." Cal. Civ. Code § 2923.6(a).[4]   Plaintiffs allege that Wells Fargo violated this law when it refused an offer for a short sale of Plaintiffs' property.  But they have not alleged that Wells Fargo had a duty to maximize net present value under its pooling and service agreement, which is what § 2923.6 focuses on.  Moreover, § 2923.6 only says that Wells Fargo must treat all investors equally, and cannot favor one over another.  Plaintiffs are not pool investors and § 2923.6 does not require Wells Fargo to accept an offer for a short sale from them.  Section 2923.6 was designed to protect the investors and servicers in a pool and not mortgagors.  Therefore, Plaintiffs do not have standing to assert this claim.

Section 2923.6 also says that "[i]t is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority."  *Id.* at § 2923.6(b). But "nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers."  *Farner v. Countrywide Home Loans*, No. 08cv2193, 2009 WL 189025, at *2 (S.D. Cal. January 26, 2009).

There is another reason to reject the application of § 2923.6: it is preempted by federal law.  As the Court has already discussed, state laws regulating the servicing, processing, or

---

[4]  California Civil Code § 2923.6 provides

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a pooling and servicing agreement, and that a servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

10cv416 BTM (NLS)

sale of mortgage loans by national banks or federal savings associations are preempted by federal regulations. 12 C.F.R. §§ 34.4(a)(10), 560.2(b)(10).  Section 2923.6 relates to the servicing of mortgage loans and is therefore preempted.  *See Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. 2009).

Plaintiffs also assert a predicate violation under California Business and Professions Code § 17500, but this provision relates to false advertising, *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 n.5 (2010) (referring to § 17500 as pertaining to false or misleading advertising), and is inapplicable.

None of the predicate violations for Plaintiffs' § 17200 are viable, and the Court **DISMISSES without prejudice** Plaintiffs' third cause of action for § 17200 violations.

## 4.    Business and Professions Code § 17200 (Against MIT and Deutsche and Does)

Plaintiffs assert another § 17200 claim against MIT Lending, Deutsche Bank, and Does for failure to disclose certain terms in connection with the first loan.  They use California Business and Professions Code § 17500 as the predicate violation for this cause of action. But as the Court noted above, § 17500 is a California law related to false advertising for the sale of property or services.  *See, e.g., Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 n.5 (2010).  None of Plaintiffs' allegations relate to false or misleading advertising, and Plaintiffs therefore fail to state a claim under § 17500 and, by extension, § 17200.

Moreover, Plaintiffs' filed their action over four years since the origination of the loan, and their cause of action is time barred.  *See* Cal. Bus. & Prof. Code § 17208 ("[a]ny action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued").  Plaintiffs have not cited any case law to support its argument for delayed accrual.

The Court **DISMISSES without prejudice** Plaintiffs' fourth cause of action for § 17200 violations.[5]

---

[5]  MIT Lending and MortgageIT also argue that Plaintiffs have failed to plead fraud with particularity.  But it does not appear that Plaintiffs are pleading an action for fraud, so the Court does not address the particularity requirement here.

**5.     Federal Fair Debt Collection Practices Act**

Plaintiffs also make a claim against MIT Lending, Mortgage Electronic Registration Systems, Inc., Deutsche Bank, and Does under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA").  Plaintiffs allege that Wells Fargo, as agent for Deutsche Bank, violated the FDCPA.

As an initial matter, MIT Lending and MortgageIT argue that this claim is time barred.  The statute of limitations on FDCPA claims is one year.  15 U.S.C. § 1692k(d).  Plaintiffs filed suit on February 23, 2010, and the only allegation within one year of that date is the issuance of a Notice of Trustee's sale dated February 24, 2009.  The Notice of Trustee's sale is therefore the only possible basis for liability under the FDCPA.

Sending a Notice of Trustee's Sale is not actionable under the FDCPA for two reasons.  First, Plaintiffs have not alleged that Wells Fargo is a debt collector.  Wells Fargo is a mortgage servicer, and "[a] mortgage servicing company is not a debt collector within the meaning of the FDCPA.  *Walker v. Equity 1 Lenders Group*, No. 09cv325, 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).  Second, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."  *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (citing *Ines v. Countrywide Home Loans*, No. 08cv1267 WQH (NLS), 2008 WL 4791863, *2 (S.D. Cal. Nov. 3, 2008)).

Plaintiffs also allege that MIT and Deutsche Bank failed to disclose certain terms in the first loan.  Not only are these claims time barred, *see* 15 U.S.C. § 1692k(d)*,* but the FDCPA does not address disclosure failures made in connection with a mortgage loan, *see* 15 U.S.C. §§ 1692-1692o.

Plaintiffs' fifth cause of action under the FDCPA is **DISMISSED without prejudice**.


**6.     Cancellation of First Trust Deed**

Plaintiffs seek to cancel the trust deed related to their first loan.  They allege they are entitled to cancel the deed because "the First Note was assigned without a concurrent

1   assignation of the underlying First Trust Deed making the First Trust Deed a nullity."

2   There are several problems with Plaintiffs' claim.  First, cancellation of a trust deed

3   is really a claim for rescission.  *Moreno v. Citibank, N.A.*, 09cv5339, 2010 WL 1038222, at

4   *4 (N.D. Cal. March 19, 2010).  And rescission is a remedy, not an independent cause of

5   action.  *Id.* (citing Cal. Civ. Code §§ 1689, 1691–92).  Moreover, in order to effect a

6   rescission, a party must tender the amounts received under the contract, *see* Cal. Civ. Code

7   § 1691, which Plaintiffs have not done.[6]

8   Even if Plaintiffs had tendered, the exhibits submitted with their Complaint undermines

9   their claim.  Plaintiffs contend that the assignment of the first note did not include an

10  assignment of the trust deed, which somehow nullifies the deed.  But the assignment of deed

11  of trust expressly included both the deed and the note.  The assignment assigned to

12  Deutsche Bank "all beneficial interest under" the first deed of trust, "[t]ogether with the note

13  or notes therein described or referred to, the money due and to become due thereon with

14  interest, and all rights accrued or to accrue under said Deed of Trust."  The plain language

15  of the assignment contradicts Plaintiffs' claims that the deed and the note were split.

16  The Court **DISMISSES without prejudice** Plaintiffs' sixth cause of action for

17  cancellation of trust deed.

18

19  **7.    Quiet Title**

20  Plaintiffs seek to quiet title in their favor.  But the basis for their claim, that the first

21  trust deed was split from the first note, has already been rejected by the Court.  Further, in

22  order to allege an action to quiet title, Plaintiffs must have discharged their debt.  *Aguilar v.*

23  *Bocci*, 39 Cal. App. 3d 475, 477–79 (1974) (The borrower "cannot quiet title without

24  discharging his debt. The cloud upon his title persists until the debt is paid.").  Plaintiffs do

25  not allege that they have done so.

26  The Court **DISMISSES without prejudice** Plaintiffs' seventh cause of action for quiet

27  ─────────────────────

28      [6]  Plaintiffs allegedly offered a short sale to Wells Fargo and argue that this satisfies
the tender requirement.  But they cite no authority supporting this contention and the Court
rejects it.

1   title.

2

3   **8.      Declaratory Relief**

4          Plaintiffs have not alleged any causes of action that would support declaratory relief.

5   Its allegations related to this claim are identical to the allegations in the other claims, which

6   the Court has dismissed.   The Court therefore **DISMISSES without prejudice** Plaintiffs'

7   eighth cause of action for declaratory relief.   *Surf & Sand, LLC v. City of Capitola*, 2008 WL

8   2225684, at *2, n.5 (N.D. Cal. May 28, 2008) (a claim for declaratory relief "rises or falls with

9   [the] other claims").

10

11  **9.      MortgageIT's Motion to Strike**

12         Defendants MortgageIT and MIT Lending have moved to strike Plaintiffs' request for

13  damages and attorneys' fees.   But the Court has dismissed the Complaint and **DENIES** this

14  motion as moot.

15

16  **10.     NDEX West's Notice of Joinder**

17         Defendant NDEX West, LLC has filed a Notice of Joinder in MortgageIT and MIT

18  Lending's motion to dismiss and motion to strike [Doc. 30].  Although NDEX has already filed

19  an answer and has therefore waived its ability to file a Rule 12(b)(6) motion, the Court may

20  construe their notice of joinder as a motion for judgment on the pleadings.   *See Aldabe v.*

21  *Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).   The Court **DISMISSES** the claims against

22  NDEX because Plaintiffs' have made no allegations against it, and because Plaintiffs' claims

23  are legally insufficient as described above.

24  //

25  //

26  //

27  //

28  //

**IV.  CONCLUSION**

The Court **GRANTS** Wells Fargo, MERS, and Deutsche Bank's motion to dismiss [Doc. 8], and **GRANTS** MIT Lending and MortgageIT's motion to dismiss [Doc. 26].  The Court **GRANTS** NDEX's notice of joinder, construed as a motion for judgment on the pleadings.  The Court **DENIES as moot** the motion to strike [Doc. 25].  The Court dismisses Plaintiffs' second cause of action under California Civil Code § 2943 with prejudice, but Plaintiffs may re-plead their other claims.

The Complaint is dismissed in its entirety.  Plaintiffs have fourteen days from the filing of this order to re-plead their claims.  Failure to do so will result in a final judgment dismissing this case.

**IT IS SO ORDERED.**

DATED:  July 9, 2010

Honorable Barry Ted Moskowitz
United States District Judge

11

10cv416 BTM (NLS)